# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TAHLON L. THORNTON,**

      Petitioner,

  vs.                                  Civil Action 2:16-cv-587
                                              Criminal No. 2:08-cr-196
                                              JUDGE GEORGE C. SMITH
                                              Magistrate Judge King

**UNITED STATES OF AMERICA,**

      Respondent.

## ORDER

Petitioner, a federal prisoner, was convicted on his plea of guilty to drug firearm related charges and was sentenced to an aggregate term of imprisonment of 168 months as a career offender under § 4B1.1 and § 4B1.2 of the United States Sentencing Guidelines ("the Guidelines") based on his criminal history.  Acting with the assistance of counsel, Petitioner now challenges his characterization as a career offender in light of *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015), which held that the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague and *United States v. Pawlak,* 822 F.3d 902 (6th Cir. 2016), which held that the residual clause of the Guidelines' career offender provision is also unconstitutionally vague.  Petitioner asks that his sentence be vacated and that he be re-sentenced without application of the career offender provision.  (ECF No. 40, *Motion to Vacate under 28 U.S.C. § 2255*).  This Court held proceedings in abeyance pending a decision in *Beckles v. United States*, 579 U.S. —, 136 S.Ct. 2510 (2016)(granting the petition for a writ *of certiorari*), regarding the claim at issue in this action.  *Order* (ECF No. 46).

On March 6, 2017, the United States Supreme Court held that the Guidelines are not subject to a vagueness challenge under the Due Process Clause, and that the residual clause in § 4B1.2(a)(2) is therefore not void for vagueness. *Beckles v. United States*, 580 U.S. —, 2017 WL 855781 (2017). The Supreme Court reasoned that "[u]nlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles*, 580 U.S. at —, 2017 WL 855781, *6. In light of the Supreme Court's decision in *Beckles,* it is clear that Petitioner's claim is without merit.

Accordingly, Petitioner's *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 40) is **DISMISSED**.

    */s/ George C. Smith*
    **GEORGE C. SMITH, JUDGE**
    **UNITED STATES DISTRICT COURT**